Dear Senator Gautreaux:
Your request for an Attorney General's opinion regarding the assignment of voting rights has been forwarded to me for research and reply.
According to your request, you were contacted by a constituent who was concerned about the voting capabilities of someone who was "totally blind and unable to move out of his or her house." You asked whether a person's fundamental right to vote can be assigned to another person through power of attorney under the Louisiana and United States Constitutions.
The right to vote is fundamental and all federal and state laws and jurisprudence advocate more opportunities for a person with disabilities to vote rather than propose ways to allow that person to assign away the right to vote.
Over one hundred years ago, in Yick Wo v. Hopkins,118 U.S. 356, 370, 6 S.Ct. 1064, 1071, 30 L.Ed. 220 (1886), the United States Supreme Court referred to `the political franchise of voting' as a `fundamental political right, because preservative of all rights.' More than fifty years later this ruling was ratified in Reynolds v. Sims, 377 U.S. 533, 561-562,84 S.Ct. 1362, 1381, 12 L.Ed.2d. 506 (1964). The Court said, `Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society. Especially since the right to exercise the franchise in a free and unimpaired manner is preservative of other basic civil and political rights, any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized.'
Several federal statutes are intended to promote the political participation of individuals with disabilities by making registration and voting easier. These include the Voting Rights Act of 1965 (as amended in 1982), which requires that persons who are blind or otherwise disabled "may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or agent of the voter's union"; and the Voting Accessibility for the *Page 2 
Elderly and Handicapped Act of 1984, which guarantees the right to participate in federal elections, but only for persons with a "temporary or permanent physical disability" by requiring that auxiliary aids (defined as "instructions, printed in large type . . ." and "information by telecommunications devises for the deaf") be provided.
The other federal law affecting voting rights of people with disabilities is, the Americans with Disabilities Act (ADA). Title II of the ADA requires that all public entities make "reasonable modifications to rules, policies, or practices" to ensure nondiscrimination in the programs, services, and activities of state and local governments. The Act protects qualified individuals with disabilities, who are defined as persons who "with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, [meet] the essential eligibility requirements" of the program, service or activity (Americans with Disabilities Act of 1990).
The Louisiana Election Code makes provisions for any category of registered voter to have the opportunity to vote. LSA-R.S.18:1303 sets forth the persons entitled to vote. Note especially Paragraph F regarding Special Handicapped Persons.
 (1) A member of the United States Service, as defined in R.S. 18:1302 and his spouse and dependents;
 (2) A student, instructor, or professor in an institution of higher learning located outside the parish in which he is qualified to vote and who lives outside of said parish by reason thereof, and his spouse and any dependent accompanying and residing with him;
 (3) A minister, priest, rabbi, or other member of the clergy assigned to a religious post outside the parish in which he is registered and his spouse and any dependents accompanying and residing with him;
 (4) A person who is or who expects to be temporarily outside the territorial limits of the state or absent from the parish in which he is qualified to vote during the early voting period and on election day.
 (5) A person who, after the registration books have closed as required by R.S. 18:135, has moved his residence to another parish and the new residence is *Page 3 
more than one hundred miles from the parish seat of the parish of his former residence, in which case he may vote absentee by mail in the parish of his former residence.
 (6) A person involuntarily confined in an institution for mental treatment outside the parish in which he is qualified to vote, who is not interdicted and not judicially declared incompetent;
 (7) A person residing outside the United States.
 C. Sequestered jury member. A person who is otherwise qualified to vote, who is a member of a sequestered jury on election day, may vote absentee as provided in R.S. 18:1307.1, R.S. 18:1307.2, and R.S. 18:1308.1, upon meeting the requirements of this Chapter.
 D. Hospitalized. (1) A person who is otherwise qualified to vote, who expects to be hospitalized on election day and who did not have knowledge of his proposed hospitalization until after the time for early voting had expired, may vote absentee by mail upon meeting the requirements of this Chapter.
 (2) A person who is otherwise qualified to vote, who expects to be hospitalized on election day and who was hospitalized during the time for early voting, may vote absentee by mail upon meeting the requirements of this Chapter.
 (3) A person who was hospitalized and released prior to an election but who is either hospitalized or restricted to his bed by his physician during early voting and is restricted to his bed by his physician on election day may vote absentee by mail upon meeting the requirements of this Chapter.
 E. Employed upon state waters. A person who by virtue of his employment or occupation expects to be out of his precinct of registration and upon the waters of the state both during the early voting period and on *Page 4 
election day may vote absentee by mail upon meeting the requirements of this Chapter.
 F. Special handicapped persons. A person who lives at home and is approved for participation in the Special Handicapped Program under Part III of Chapter 7-A of this Title may vote absentee by mail as provided therein.
 G. Persons incarcerated. A person incarcerated in an institution inside or outside the parish in which he is qualified to vote, who is not under an order of imprisonment for conviction of a felony, may only vote absentee by mail and only upon meeting the requirements of this Chapter and certification to the appropriate registrar by the sheriff of the parish where the person is incarcerated that he is not a convicted felon.
Based on the foregoing, the fact that state and federal laws provide ways for eligible registered voters to participate in the electoral process, it is the opinion of this office that no one may assign their fundamental right to vote to another person through a power of attorney.
We trust this adequately responds to your request. If you have any additional questions or comments, please do not hesitate to contact our office.
 Respectfully submitted,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: ________________________________
 WILLIAM P. BRYAN, III
 Assistant Attorney General